EDWARD M. WOLKOWITZ (State Bar No. 68298)
RICHARD P. STEELMAN, JR. (State Bar No. 266449)
JEFFREY S. KWONG (State Bar No. 288239)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244
Email: EMW@LNBYB.COM; JSK@LNBYB.COM

Attorneys for Nancy J. Zamora,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>GREEN NATION DIRECT CORPORATION, *Substantively Consolidated with*, N.R. G. Investment Group<br><br>Debtor and Debtor in Possession.<br><br>NANCY J. ZAMORA, CHAPTER 7 TRUSTEE,<br><br>    Plaintiff,<br>v.<br><br>BRAYAN VASQUEZ,<br><br>    Defendant. | Case No.: 1:18-bk-12698-MT<br><br>Chapter 7 Case<br><br>Adversary Case No. _____<br><br>COMPLAINT FOR: (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS [11 U.S.C. §§ 547(b), 550(a), AND 551] |

Plaintiff Nancy J. Zamora, the Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the estate of Green Nation Direct Corporation (the "Debtor"), respectfully alleges as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157(b)(2)(A), (E), and (O), and 1334.

1

2. This adversary proceeding is brought pursuant to Rule 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure and Sections 547, 550, and 551 of title 11 of the United States Code, sections 101, *et seq.* (the "Bankruptcy Code").

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises in and relates to a case under title 11 of the United States Code that is pending in this District.

4. This is a "core" proceeding as defined by 28 U.S.C. §§ 157(b)(2)(A), (E), and (O).

5. The Trustee reserves her right to supplement and amend the allegations contained in this Complaint, including, but not limited to, the right to (i) allege further information regarding all claims for relief, (ii) make modifications and/or revisions to Defendant's name(s), (iii) allege claims against additional defendants, and/or (iv) allege additional causes of action arising in connection with the law and facts set forth herein (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

6. On November 2, 2018 (the "Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

7. On August 27, 2019, the Debtor's bankruptcy case was converted from Chapter 11 to Chapter 7. The Trustee was appointed Chapter 7 Trustee pursuant to a noticed filed on August 28, 2018.

8. The Trustee is informed and believes and based thereon alleges that defendant Brayan Vasquez ("Defendant") is an entity that is subject to the jurisdiction of this Court.

**GENERAL ALLEGATIONS**

9. During the (90) days prior to the Petition Date (the "Preference Period"), the Debtor made transfer(s) to or for the benefit of the Defendant totaling $142,550 (the "Transfers"). The amount and date of the Transfers consisting of bank disbursements are set forth in **Exhibit "1"** hereto. Further, the Debtor's books and records evidence additional QuickBooks disbursements from the Debtor to the Defendant in the amount of $15,000.

10. The Trustee is informed and believes, and based thereon alleges that, prior to receiving the Transfers, (i) Defendant provided goods and/or services to the Debtor or (ii) the Debtor was otherwise indebted to Defendant. After such debts were created, the Debtor made the Transfers on account of those obligations. As such, the Transfers were payments on account of antecedent debts owed by the Debtor to Defendant.

11. The Trustee is informed and believes, and based thereon alleges, that the Transfers were a transfer of an interest of the Debtor in property.

**FIRST CLAIM FOR RELIEF**

[FOR AVOIDANCE OF PREFERENTIAL TRANSFER – 11 U.S.C § 547]

12. The Trustee re-alleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 11, inclusive, as though fully set forth herein.

13. The Transfers were of property interests of the Debtor.

14. The Transfers were made to or for the benefit of Defendant at a time in which Defendant was creditor of the Debtor.

15. The Transfers were for or on account of antecedent debts owed by Debtor before such Transfers were made.

16. The Transfers were made while Debtor was insolvent.

17. The Transfers enabled Defendant to receive more than Defendant would otherwise receive if (a) the Debtor's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

18. Each of the Transfers was made within ninety days prior to the Petition Date.

19. The Transfers may be avoided pursuant to 11 U.S.C. § 547(b).

20. The Trustee is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided and recovered for the benefit of the Debtor's creditors.

## SECOND CLAIM FOR RELIEF

[FOR RECOVERY OF PROPERTY - 11 U.S.C. §§ 550 and 551]

21. The Trustee re-alleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 20, inclusive, as though fully set forth herein.

22. The Trustee is informed and believes and, based upon thereon alleges, that Defendant is the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made, or is the immediate or mediate transferee of the initial transferee receiving such Transfers.

23. Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover the Transfers, together with interest thereon, as set forth above.

24. Pursuant to 11 U.S.C. § 551, the Trustee is entitled to preserve the Transfers for the benefit of the Debtor's estate.

25. The Trustee is entitled to an order and judgment under 11 U.S.C. § 547 and 11 U.S.C. §§ 550 and 551 that the Transfers are avoided and recoverable, and preserved for the benefit of the Debtor's estate.

/ / /

# PRAYER FOR RELIEF

**WHEREFORE**, the Trustee prays for a judgment on this Complaint, as it may be amended from time to time, as follows:

1. For avoidance of the Transfers;

2. For recovery from Defendant by the Trustee of the amount of the Transfers;

3. For recovery of interest, costs, and attorneys' fees and expenses, to the extent recoverable under applicable law; and

4. For such other and further relief as the Court deems just and proper.

DATED: October 30, 2020

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: _/s/ Jeffrey S. Kwong_
EDWARD M. WOLKOWITZ
RICHARD P. STEELMAN
JEFFREY S. KWONG
Attorneys for Plaintiff
Nancy J. Zamora, Chapter 7 Trustee

**EXHIBIT "1"**

# Green Nation Direct, Corporation
## Case Number:1:18-bk-12698-MT
### Detail of Dibsursements to Brayan Vasquez

| Bank Name | Account Name | Account Number | Transaction Date | Type | Check Number | Disbursement |
|---|---|---|---|---|---|---|
| Chase | Green Nation Direct | 7682 | 08/03/18 | Check | 5497 | (10,000.00) |
| Chase | Green Nation Direct | 7682 | 08/03/18 | Check | 5498 | (10,000.00) |
| Chase | Green Nation Direct | 7682 | 08/10/18 | Check | 5544 | (5,000.00) |
| Chase | Green Nation Direct | 7682 | 08/10/18 | Check | 5545 | (10,000.00) |
| Chase | Green Nation Direct | 7682 | 08/17/18 | Check | 5574 | (10,000.00) |
| Chase | Green Nation Direct | 7682 | 08/17/18 | Check | 5575 | (5,000.00) |
| Chase | Green Nation Direct | 7682 | 08/17/18 | Check | 5576 | (300.00) |
| Chase | Green Nation Direct | 7682 | 08/24/18 | Check | 5647 | (10,000.00) |
| Chase | Green Nation Direct | 7682 | 08/24/18 | Check | 5642 | (8,250.00) |
| Chase | Green Nation Direct | 7682 | 08/24/18 | Check | 5646 | (5,000.00) |
| Chase | Green Nation Direct | 7682 | 08/31/18 | Check | 5659 | (10,000.00) |
| Chase | Green Nation Direct | 7682 | 09/07/18 | Check | 5702 | (5,000.00) |
| Chase | Green Nation Direct | 7682 | 09/07/18 | Check | 5703 | (5,000.00) |
| Chase | Green Nation Direct | 7682 | 09/07/18 | Check | 5704 | (5,000.00) |
| Chase | Green Nation Direct | 7682 | 09/14/18 | Check | 5736 | (7,000.00) |
| Chase | Green Nation Direct | 7682 | 09/21/18 | Check | 5767 | (3,000.00) |
| Chase | Green Nation Direct | 7682 | 09/21/18 | Check | 5768 | (3,000.00) |
| Chase | Green Nation Direct | 7682 | 09/21/18 | Check | 5769 | (2,000.00) |
| Chase | Green Nation Direct | 7682 | 09/21/18 | Check | 5770 | (2,000.00) |
| Chase | Green Nation Direct | 7682 | 09/28/18 | Check | 5811 | (8,000.00) |
| Chase | Green Nation Direct | 7682 | 09/28/18 | Check | 5812 | (4,000.00) |
| Chase | Green Nation Direct | 7682 | 10/05/18 | Check | 5865 | (7,000.00) |
| Chase | Green Nation Direct | 7682 | 10/12/18 | Check | 5900 | (8,000.00) |
| | | | | | **Total** | **(142,550.00)** |

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFF(S)**<br>Nancy J. Zamora, CHAPTER 7 TRUSTEE | **DEFENDANT(S)**<br>BRAYAN VASQUEZ |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>EDWARD M. WOLKOWITZ (State Bar No. 68298)<br>RICHARD P. STEELMAN, JR. (State Bar No. 266449)<br>JEFFREY S. KWONG (State Bar No. 288239)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, CA 90067<br>Telephone: (310) 229-1234<br>Facsimile:  (310) 229-1244<br>Email: EMW@lnbyb.com; RPS@lnbyb.com; JSK@lnbyb.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>COMPLAINT FOR: (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS [11 U.S.C. §§ 547(b), 550(a), AND 551] ||

**NATURE OF SUIT**
(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br><br>☐ 11-Recovery of money/property - §542 turnover of property<br>☒ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br><br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br><br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br><br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br><br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br><br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br><br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br><br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br><br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br><br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br><br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br><br>☐ 01-Determination of removed claim or cause<br><br>**Other: VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 362)**<br><br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $142,550 |
| Other Relief Sought:<br>For recovery of interest, costs, and attorneys' fees and expenses, to the extent recoverable under applicable law and the evidence submitted to the Bankruptcy Court ||

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>GREEN NATION DIRECT CORPORATION, Substantively Consolidated with, N.R. G. Investment Group ||| BANKRUPTCY CASE NO.<br>1:18-bk-12698-MT |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISIONAL OFFICE<br>SAN FERNANDO VALLEY DIVISION || NAME OF JUDGE<br>THE HON. MAUREEN A. TIGHE |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ *Jeffrey S. Kwong* ||||
| DATE<br>October 30, 2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jeffrey S. Kwong |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties** and **Defendants.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys if known.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.